B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**

*Michael Wagoner*

**DEFENDANTS** Doe Defendants 1-3; Big Toe Inc.; T. Braxton Beauty Company, LLC; *Towanda Braxton*

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Gregory O. Shenton
Shenton Law, PC.
127 Church St. #360    (678-290-6530
Marietta, GA 30060

**ATTORNEYS** (If Known) For Braxton
Jared L. Mitnick
3180 North Point Pkwy, Suite 103
Alpharetta, GA 30005

**PARTY** (Check One Box Only)
- ☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin
- ☒ Creditor        ☐ Other
- ☐ Trustee

**PARTY** (Check One Box Only)
- ☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor        ☐ Other
- ☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Objection to Discharge pursuant to 11 USC 727 and to Dischargeability of Debt pursuant to 11 USC 523

---

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud   [5]
- ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☒ 58-Dischargeability - §523(a)(6), willful and malicious injury   [2]
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☒ 65-Dischargeability - other   [3]

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

---

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this case is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ UNKNOWN |

**Other Relief Sought**
Damages, Disregard Corporate Entities

2019 JUN 25 PM 12:09
REGINA J. THOMAS CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *Towanda Braxton* | BANKRUPTCY CASE NO. *19-55269-jwc* | |
| DISTRICT IN WHICH CASE IS PENDING *Northern District of Georgia* | DIVISION OFFICE *Atlanta* | NAME OF JUDGE *Cavender* |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| *(signature)* |

| DATE *6/25/2019* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Gregory O. Shenton* |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| TOWANDA BRAXTON, | : | Case No. 19-55269-jwc |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| Michael Wagoner, | : | Adversary Proceeding No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| Towanda Braxton; Big Toe, Inc.; T. Braxton | : | |
| Beauty Supply Company, LLC; and Doe | : | |
| Defendants 1-3. | : | |
| | : | |
| Defendant. | : | |



## COMPLAINT OBJECTING TO DISCHARGE AND SEEKING JUDGMENT THAT DEBTOR TOWANDA BRAXTON IS NOT ENTITLED TO A DISCHARGE UNDER 11 U.S.C. SECTION 727 OR DISCHARGE OF HER DEBT TO PLAINTIFF UNDER 11 U.S.C. SECTION 523, TO PIERCE THE CORPORATE VEIL/DISREGARD ALTER EGO, AND FOR FRAUD

Michael Wagoner ("Wagoner"), a creditor of the bankruptcy estate of Towanda Braxton ("Defendant/Debtor", "Defendant", "Debtor," or "Braxton"), files this Complaint objecting to Debtor's discharge in this proceeding and seeking the entry of a judgment against the Debtor declaring that Towanda Braxton is not

1

entitled to discharge because of her multiple violations of 11 U.S.C. section 727, Debtor's debt to Plaintiff is not dischargeable pursuant to 11 U.S.C. section 523, seeking to pierce the corporate veil between Debtor and her alter ego entities, including Big Toe, Inc. and T. Braxton Beauty Company, LLC, and for fraud stating as follows:

## JURISDICTION AND VENUE

1.      The Plaintiff brings this adversary proceeding pursuant to Sections 523 and 727 of the United States Bankruptcy Code, 11 U.S. C. sections 101-1330 (the "Bankruptcy Code") and all applicable Federal Rules of Bankruptcy Procedure.

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. sections 157 and 1334.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(1).

3.      Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. section 1409(a).

## PARTIES

4.      The Defendant/Debtor is an individual who resides at 3949 Belle Glade Court, Snellville, Georgia  30039 within the Northern District of Georgia.

2

5.      Plaintiff Michael Wagoner is an individual who is a resident of Butler, Pennsylvania.    Plaintiff Wagoner owned improved real property (the "Rental Property") that he leased to Defendant, which Defendant willfully and maliciously damaged prior to vacating the Rental Property, including (without limitation) leaving knives stuck in the walls of the Rental Property and torching the back yard and back deck of the Property.    Defendant voluntarily entered into a Consent Judgment (the "Consent Judgment") as a means of settling the dispute before the Magistrate Court of Gwinnett County (case number 18-M-23015) in September 2018.  The Consent Judgment included a portion for attorneys' fees and a payment schedule at the request of Defendant Debtor.

6.      Defendant Big Toe, Inc. ("Big Toe") is a corporation organized and existing under the laws of the State of Georgia with Bert Padell as its registered agent, but with the address of 48 Wall Street, New York, Newton County, Georgia 10005.    Defendant Braxton filed an Amended Annual Registration with the Georgia Secretary of State alleging that Mr. Padell can be found in New York, Georgia, but also listed Mr. Padell as being found at 48 Wall Street, New York, New York 10005.  There is no such address as 48 Wall Street, New York, Newton County, Georgia 10005.    Defendant Braxton filed this Amended Annual Registration in an effort to defraud and elude potential creditors and prevent

**3**

creditors from being able to serve Defendant Big Toe with service of process. In violation of Georgia law, Defendant Big Toe has no registered agent within the state of Georgia.  However, Defendant Big Toe may be served with process by serving its officer, Defendant Braxton, at 3949 Belle Glade Court, Snellville, Georgia 30039 or by serving the Georgia Secretary of State. Defendant Big Toe is subject to the jurisdiction of this Court because it is organized and existing under the laws of the State of Georgia, and Newton County is within the Northern District of Georgia.

7.     Defendant T. Braxton Beauty Company ("TBBC") is a limited liability company organized and existing under the laws of the State of Georgia with Defendant/Debtor as its registered agent, but with the address of 912 Heritage Post Lane, Grayson, Gwinnett County, Georgia.  Defendant Braxton does not live at 912 Heritage Post Lane, Grayson, Gwinnett County, Georgia.  Defendant TBBC may be served with process by serving its registered agent, Defendant Braxton, at 3949 Belle Glade Court, Snellville, Georgia  30039 or by serving the Georgia Secretary of State. Defendant TBBC is subject to the jurisdiction of this Court because it is organized and existing under the laws of the State of Georgia and because one of its member (Defendant/Debtor Braxton) is a resident within the Northern District of Georgia.

4

8.    Doe Defendants 1-3 are entities of which Defendant Braxton or an entity owned or controlled by Braxton is a member, partner, or shareholder that have not been disclosed by Defendant and/or that is holding or in possession of assets belonging to Braxton, including for the purpose of evading creditors of Defendant Braxton such as Plaintiff.

## FACTUAL ALLEGATIONS

9.    Debtor/Defendant Braxton entered into the Consent Judgment, which included an award of attorneys' fees, with Plaintiff/Creditor Michael Wagoner in September 2018, which, at Debtor/Defendant Braxton's request, included a payment plan for Debtor/Defendant Braxton that was heavily back loaded.

10.    At the time Debtor/Defendant Braxton entered into the Consent Judgment with Plaintiff/Creditor Michael Wagoner, Debtor/Defendant Braxton had no intention of fulfilling her obligations under the Consent Judgment, constituting fraud, and fraudulently induced Plaintiff/Creditor into entering into the Consent Judgment.

11.    Debtor/Defendant    Braxton    only    made    one    payment    to Plaintiff/Creditor under the Consent Judgment before defaulting.

5

12.    Once Debtor/Defendant defaulted and refused to cure her default of the Consent Judgment after being provided with written notice, Plaintiff began efforts to collect the amount that Debtor/Defendant on the Consent Judgment.

13.    Once Plaintiff began efforts to collect on the Consent Judgment, Debtor/Defendant filed this Chapter 7 bankruptcy in this Court for the sole purpose of avoiding the Consent Judgment in favor of Plaintiff and for Plaintiff to receive nothing on the Consent Judgment to which Debtor expressly agreed even though Debtor purchased a house and real property located at 3949 Belle Glade Court, Snellville, Georgia   30039 (the "Real Property") months before filing this proceeding, the value of which Debtor has grossly and fraudulently understated.

14.    Debtor, who is a famous television actress, filed her Voluntary Petition for Individuals Filing for Bankruptcy (the "Petition") on April 2, 2019.

15.    The Meeting of Creditors pursuant to Section 341 of the United States Bankruptcy Code concluded on May 21, 2019.  Debtor did not provide her tax returns at the creditors meeting.

16.    On page 1 of "Schedule A/B: Property" that was attached to her Petition, Debtor estimated the value of her Real Property as of April 2, 2019 at $275,000.00.  In August 2018—eight months prior to filing her Petition, Debtor

**6**

purchased the Real Property for more than Four Hundred Thousand Dollars ($400,000.00).

17.    During her creditors meeting, Debtor testified under oath that the purchase price was approximately $417,000.00. It was not. The purchase price was $442,200.

18.    At her purchase of the Real Property, Debtor made a down payment of approximately Thirty-Five to Forty Thousand Dollars on the Four Hundred Thousand Dollar ($400,000) purchase price, meaning the Real Property has equity of at least that amount.

19.    In her Petition, Debtor lists a debt to her sister, Tamar Braxton, in the amount of Thirty-Five Thousand Dollars ($35,000.00), which Debtor testified was for the down payment on the house (Schedule E/F page 3).

20.    Debtor subsequently took out a loan that had a balance as of the filing of the Petition of Four Hundred Seventeen Thousand, Seven Hundred Fifteen Dollars ($417,715.00) (Schedule D, page 1). If Debtor is to be believed, Debtor is seeking to retain the Real Property and reaffirm her mortgage, which is nearly One Hundred Fifty Thousand Dollars in excess of the value of the Real Property.

21.    When confronted with her gross and intentional misrepresentations in her Petition, Debtor stated that her real estate agent had obtained an appraisal of

7

the Real Property in July 2018—prior to her purchase of the Real Property—stating that the Real Property was only worth Two Hundred Seventy-Five Thousand Dollars ($275,000.00).

22.     Despite the fact that, according to Debtor's sworn testimony that she was made aware prior to purchasing the Real Property that it was worth more than One Hundred Fifty Thousand Dollars less than she was paying for it, Debtor closed on the purchased the Real Property anyway.

23.     The reality is that Debtor is misrepresenting both the value of and the equity in her Real Property.

24.     Consequently, Debtor made a number of misrepresentations in her sworn Petition.

25.     Debtor filed this bankruptcy proceeding for the sole purpose of avoiding her debt to Creditor Michael Wagoner, her former landlord.  That debt to Mr. Wagoner stems from the Consent Judgment that Debtor entered into as the result of her willfully and maliciously causing substantial damage to the rental property she rented from Creditor (a fact she affirmatively misrepresented on her Petition), including knife holes in the garage doors and bedroom walls and fire damage, and then breached.

**8**

26.    In her Petition, Defendant grossly underestimated the worth of her assets (Petition page 6).

27.    In her Petition, Defendant misrepresented her residence for the past three years failing to disclose that she rented a house from Creditor until her eviction in September 2018 (Petition page 8).

28.    In her Petition, Defendant failed to disclose her income from employment or the operation of a business during the past two previous calendar years and misrepresented to the Court that she had not received any such income (Petition page 8; see also Schedule I page 1).

29.    In her Petition, Defendant failed to disclose her other income for the past two calendar years and misrepresented to the Court that she had not received any such income (Petition page 9).

30.    In her Petition, Defendant failed to disclose her membership interest in Big Toe, Inc. as an asset (Petition page 12).

31.    In her Petition, Defendant failed to disclose she has hidden her assets, from the Mercedes Benz automobile that she uses as her primary means of transportation to the cell phone that she uses on a daily basis, in the name of an entity, TBBC, of which she is a fifty percent (50%) member (Petition page 12; see also Schedule A/B page 1).

**9**

32.    At her creditors meeting, Debtor admitted that she created corporate entities, such as Big Toe and TBBC, for the purpose of holding her assets and pay her personal liabilities, such as her car and her cell phone.

33.    Despite the fact that Defendant/Debtor Braxton uses TBBC to (1) hold her personal assets for her, such as her 2009 Mercedes Benz, and protect those assets from Defendant/Debtor's creditors, such as Plaintiff, (2) pay her bills, including those related to the assets that the entities hold for her, and (3) pay the rent to Creditor for the Rental Property in 2018 that Defendant/Debtor was personally liable for, Defendant/Debtor testified under oath at the Meeting of Creditors that TBBC has not generated any income since the first six (6) months of 2017 and failed to conduct business since that time.

34.    Despite Ms. Braxton's testimony that T. Braxton Beauty Company, LLC had not generated any income since the first six (6) months of 2019, TBBC was paying her personal liabilities, specifically the rent on her rental house, as recently as September 2018 when TBBC made a payment to Creditor under the Consent Judgment.

35.    Ms. Braxton also testified that Big Toe (an entity of which she is a shareholder, but failed to disclose such asset in her Petition) did not have a bank account for three years preceding the Meeting of Creditors, yet Defendant/Debtor

**10**

provided checks from Big Toe to Creditor to pay her personal obligations related to the Rental Property as recently as March of 2017.

36.  Ms. Braxton testified at the Creditors Meeting, "I got money from Big Toe, Inc., but they never paid me." This testimony is self-contradictory.

37.  Debtor further intentionally and fraudulently misrepresented in her Petition that she received no family support, yet Debtor testified at the Meeting of Creditors that her family members pay Debtor's household expenses, including that her mother pays the salary of her business manager, Sharee Rice, in addition to Defendant/Debtor providing Ms. Rice with room and board (Schedule A/B page 4).

38.  Despite her family paying her monthly expenses, she listed those expenses on Schedule J without listing the family support she receives (Schedule J pages 1 to 2).

39.  Defendant/Debtor listed monthly income of $4,692.50 in Interest and Dividend income, but refused to adequately disclose the source of such income.

40.  Debtor also failed to include the value of her membership interests in both Big Toe and TBBC in her Petition and schedules.

**11**

41.    Ms. Braxton claimed in her Petition and schedules that she did not own any jewelry, yet wore earrings and a necklace to her Meeting of Creditors (Schedule A/B page 2).

42.    Upon information and belief, Debtor has not listed all of her assets in her Petition or on the schedules attached to her Petition.

43.    It appears that Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, prohibited under 11 U.S.C. 727(a)(3).

44.    When she filed bankruptcy, Debtor violated numerous provisions of 11 U.S.C. section 727. Debtor has knowingly and fraudulently, in or in connection with this proceeding, made a false oath or account, prohibited under 11 U.S.C. 727(a)(4).

45.    Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtor's liabilities, prohibited under 11 U.S.C. 727(a)(5).

46.    Debtor has refused, in this proceeding, to obey the requirements of the Bankruptcy Code to disclose in full the assets of her bankruptcy estate at the time of her filing bankruptcy, all of which was material in her bankruptcy.

**12**

47.    Debtor did not disclose her membership interest in one or more LLCs or corporations, at least one of which was easily validated on the website of the Georgia Secretary of State (Big Toe). When confronted about this at her creditors meeting, Debtor knowingly and intentionally misrepresented under oath that Big Toe had been dissolved.

48.    Debtor has engaged in numerous insider transactions with Big Toe and TBBC in order to insulate her personal assets from the reach of her creditors, such as Mr. Wagoner—a fact that Ms. Braxton essentially admitted during her creditors meeting.

49.    Debtor has misrepresented the sources of her income immediately prior to the bankruptcy and has falsely claimed, knowingly, that she was dependent on her family to pay her expenses.

50.    Debtor's actions in this bankruptcy prove without a shadow of a doubt that she seeks to defraud creditor Wagoner. Defendant has misrepresented facts under oath.

51.    Debtor is aware that if she had been truthful in her Petition about the true value of the Real Property that she purchased a mere eight (8) months prior to filing her Petition, then the Trustee would be entitled to force the sale of her Real Property and distribute the equity in excess of the Twenty-One Thousand, Five

**13**

Hundred Dollar ($21,500.00) exemption under Section 522 and O.C.G.A. section 44-13-100(a)(1).

52.     Defendant/Debtor's debt to Plaintiff/Creditor is not dischargeable pursuant to 11 U.S.C. section 523(a)(2) due to Defendant/Debtor's fraud and use of false pretenses and false representations to induce Plaintiff/Creditor into entering into the Consent Judgment.

53.     Defendant/Debtor's debt to Plaintiff/Creditor is not dischargeable pursuant to 11 U.S.C. section 523(a)(6) for willful and malicious injury by the debtor to the property of Plaintiff/Creditor.

54.     Debtor is not really "bankrupt" as set forth in the Bankruptcy Code.

<u>COUNT ONE</u>

<u>DENIAL OF DISCHARGE (against Defendant/Debtor)</u>

55.     As a result of the foregoing, Wagoner's objection to Debtor Towanda Braxton's discharge must be sustained pursuant to 11 U.S.C. section 727(a)(1) through (7), and the Court should enter a judgment against her to the effect that the effect that the discharge she seeks in this bankruptcy is denied.

56.     In addition, the Court should enter a judgment against Braxton for attorneys' fees, costs, and expenses of litigation incurred in resisting Braxton's

**14**

discharge, and the Court should grant such other relief as the Court determines is just and proper.

## COUNT TWO

### NON-DISCHARGEABILITY OF DEBT (against Defendant/Debtor)

57.    As a result of the foregoing, Defendant/Debtor's debt to Plaintiff/Creditor is not dischargeable pursuant to 11 U.S.C. section 523(a)(2).

58.    As a result of the foregoing, Defendant/Debtor's debt to Plaintiff/Creditor is not dischargeable pursuant to 11 U.S.C. section 523(a)(6).

59.    In addition, the Court should enter a judgment against Braxton for attorneys' fees, costs, and expenses of litigation incurred in resisting Braxton's discharge of her debt to Creditor Michael Wagoner, and the Court should grant such other relief as the Court determines is just and proper.

## COUNT THREE

### ALTER EGO (against all Defendants)

60.    At all times material to the allegations of this Adversary Proceeding, Defendant/Debtor Braxton failed to operate TBBC, Big Toe, and the Doe Defendants in a manner to keep them separate and part from the other Defendants.

61.    Defendant/Debtor Braxton is the alter ego of Defendants TBBC, Big Toe, and the Doe Defendants.

**15**

62.    Defendant/Debtor Braxton and Defendants TBBC, Big Toe, and the Doe Defendants have treated their assets and liabilities as if each were one in the same.

63.    As the alter ego of Defendant/Debtor Braxton, Defendants TBBC, Big Toe, and the Doe Defendants are each liable for the Consent Judgment that Plaintiff/Creditor Michael Wagoner obtained against Defendant/Debtor Braxton.

64.    Defendants' actions have actually and proximately caused damage to the Plaintiff/Creditor in an amount to be determined at trial by the enlightened conscience of a jury.

65.    Defendant/Debtor Braxton, Defendant TBBC, Defendant Big Toe, and the Doe Defendants have acted intentionally to harm Plaintiff/Creditor, have acted with a conscious and willful disregard to the consequences of their actions, and have in bad faith, have been stubbornly litigious, and have caused Plaintiff/Creditor unnecessary trouble and expense.

66.    Plaintiff/Creditor is entitled to recover his expenses of litigation, including reasonable attorneys' fees from each of the Defendants, jointly and severally.

67.    Plaintiff/Creditor is entitled to recover punitive damages from each of the Defendants, jointly and severally.

**16**

## COUNT FOUR

### PIERCING THE CORPORATE VEIL (against all Defendants)

68.    At all times material to the allegations of this Adversary Proceeding, Defendant/Debtor Braxton failed to operate TBBC, Big Toe, and the Doe Defendants in a manner to keep them separate and part from the other Defendants.

69.    Defendant/Debtor Braxton has commingled her assets with those of Defendants TBBC, Big Toe, and the Doe Defendants and, in fact, placed her assets into the names of Defendants TBBC and Big Toe in an effort to prevent creditors such as Plaintiff from reaching those assets.

70.    Defendant/Debtor Braxton has used the funds of Defendants TBBC, Big Toe, and the Doe Defendants to pay her personal liabilities, and Defendants TBBC, Big Toe, and the Doe Defendants have not only allowed for this to occur, but were organized and exist expressly for this purpose.

71.    Defendant/Debtor Braxton and Defendants TBBC, Big Toe, and the Doe Defendants have treated their assets and liabilities as if each were one in the same.

72.    Defendants' actions have actually and proximately caused damage to the Plaintiff/Creditor in an amount to be determined at trial by the enlightened conscience of a jury.

**17**

73.    As such, Plaintiff/Creditor is entitled to disregard the corporate formalities and separateness of Defendants such that liability as against one constitutes liability as against all.

74.    Defendants TBBC, Big Toe, and the Doe Defendants are each liable for the Consent Judgment that Plaintiff/Creditor Michael Wagoner obtained against Defendant/Debtor Braxton.

75.    Defendant/Debtor Braxton, Defendant TBBC, Defendant Big Toe, and the Doe Defendants have acted intentionally to harm Plaintiff/Creditor, have acted with a conscious and willful disregard to the consequences of their actions, and have in bad faith, have been stubbornly litigious, and have caused Plaintiff/Creditor unnecessary trouble and expense.

76.    Plaintiff/Creditor is entitled to recover his expenses of litigation, including reasonable attorneys' fees from each of the Defendants, jointly and severally.

77.    Plaintiff/Creditor is entitled to recover punitive damages from each of the Defendants, jointly and severally.

## COUNT FIVE

### FRAUD (against all Defendants)

78.    Defendant/Debtor Braxton induced Plaintiff/Creditor into entering into the Consent Judgment when Defendant/Debtor Braxton had no intention of performing her obligations under the Consent Judgment.

79.    Plaintiff/Creditor did reasonably rely upon the fraudulent representations of Defendant/Debtor to his detriment by entering into the Consent Judgment for an amount lesser than to which he was entitled.

80.    Defendants have transferred assets and rights to assets between and among them for the sole purpose of defrauding Defendant/Debtor's creditors, such as Plaintiff/Creditor, and protecting those assets from the reach of those creditors.

81.    Defendants' actions have actually and proximately caused damage to the Plaintiff/Creditor in an amount to be determined at trial by the enlightened conscience of a jury.

82.    Defendant/Debtor Braxton, Defendant TBBC, Defendant Big Toe, and the Doe Defendants acted intentionally to harm Plaintiff/Creditor, have acted with a conscious and willful disregard to the consequences of their actions, and have in bad faith, have been stubbornly litigious, and have caused Plaintiff/Creditor unnecessary trouble and expense.

**19**

83.    Plaintiff/Creditor is entitled to recover his expenses of litigation, including reasonable attorneys' fees from each of the Defendants, jointly and severally.

84.    Plaintiff/Creditor is entitled to recover punitive damages from each of the Defendants, jointly and severally.

JURY TRIAL DEMANDED.

Respectfully submitted,

**Shenton Law, P.C.**

Gregory O. Shenton
Georgia Bar No. 640943

127 Church Street, Suite 360
Marietta, Georgia  30060
greg@shentonlawfirm.com
678-290-6530 (phone)
678-290-6531 (fax)

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing **Complaint Objecting to Discharge and Seeking Judgment that Debtor Towanda Braxton is Not Entitled to a Discharge under 11 U.S.C. section 727 or Discharge of Her Debt to Plaintiff under 11 U.S.C. section 523, to Pierce the Corporate Veil/Disregard Alter Ego, and for Fraud** on the following: via first-class U.S. Mail, postage prepaid on June 25, 2019:

Jared L. Mitnick
3180 North Point Parkway
Suite 103
Alpharetta, GA  30005

Towanda Braxton
3949 Belle Glade Court
Snellville, GA  30039

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive SW
Atlanta, GA  30303

William J. Layng, Jr., Trustee
2451 Cumberland Parkway
Suite 3477
Atlanta, GA  30339

Lisa F. Caplan
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA  30071

**Shenton Law, P.C.**

Gregory O. Shenton
Georgia Bar No. 640943

127 Church Street, Suite 360
Marietta, Georgia  30060
greg@shentonlawfirm.com
678-290-6530 (phone)
678-290-6531 (fax)

**21**