UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    *
                                          *
TOWANDA BRAXTON,                          *        Case No. 19-55269-JWC
                                          *        Chapter 7 Voluntary
                                          *        CONTESTED MATTER
                                          *
                                          *
        Debtors                           *        ADVERSARY PROCEEDING NO:
                                          *        19-05235-JWC
MICHAEL WAGONER,                          *
                                          *
        Plaintiff                         *
v.                                        *
                                          *
TOWANDA BRAXTON; BIG TOE, INC.,           *
T. BRAXTON BEAUTY SUPPLY                  *
COMPANY LLC, AND                          *
DOE DEFENDANTS 1-3                        *
                                          *
        Defendants                        *

## ANSWER AND AFFIRMATIVE DEFENSES  TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523 AND OBJECTION TO DISCHARGE UNDER 11 U.S.C. §727

NOW COMES Towanda Braxton (hereafter referred to herein as "Defendant") by counsel, and for his Answer and Affirmative Defenses to the Complaint filed by Michael Wagoner (hereafter referred to herein as "Plaintiff"), states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant, and so must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot carry his burden of proving all elements constituting his objections, pursuant to Federal Rule of Bankruptcy Procedure 4005, and so must be dismissed with prejudice.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the procedures set forth in the Federal Rules of Bankruptcy Procedure 4004(a), 4007(a), 7001, 7008, 7009, 7010, and so must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to timely file objections to the list of property claimed as exempt by Defendant in Schedules B and C of his Bankruptcy Petition pursuant to Federal Rule of Bankruptcy Procedure 4003(b). See Taylor v. Freeland & Kronz, 503 U.S. 638 (1992) holding that once the period for objecting to exemptions expires, creditors are precluded from objecting even if the claimed exemption is specious.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fraud is unverified, and so must be dismissed with prejudice.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations regarding Defendant's testimony during her Meeting of Creditors are objected to and must not be allowed to be part of the record as Plaintiff impermissibly made statements and questions that transcended the scope of inquiry, pursuant to 11 U.S.C. §343. In addition, Defendant shows that Plaintiff has failed to request a Rule 2004 examination.

## EIGTH AFFIRMTIVE DEFENSE AND ANSWER

Subject to and without waiving the foregoing defenses, Defendant answers Plaintiff's Complaint as follows:

1.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that this paragraph contains allegations of fact, Defendant denies this Paragraph and demands strict proof therefor.

2.

Defendant admits.

3.

Defendant admits.

4.

Defendant admits.

5.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

6.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

7.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

8.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

9.

Defendant admits.

10.

Defendant denies this Paragraph.

11.

Defendant admits.

12.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

13.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

14.

Defendant admits.

15.

Defendant admits that the Meeting of Creditors was concluded on May 21, 2019.  The remaining allegations in this paragraph are denied.

16.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

17.

Defendant reasserts her Seventh Affirmative Defense.

18.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

19.

Defendant admits that a debt of $35,000 owed to Tamar Braxton was scheduled in the Petition.  For the remaining allegations contained in this paragraph Defendant reasserts her Seventh Affirmative Defense.

20.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

21.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant reasserts her Seventh Affirmative Defense. Defendant denies this Paragraph.

22.

Defendant admits to purchasing the real property.  As to the remaining allegations in this paragraph Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant reasserts her Seventh Affirmative Defense.

23.

Defendant denies this paragraph.

24.

Defendant denies this paragraph.

25.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

26.

Defendant denies this Paragraph.

27.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

28.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

29.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

30.

Defendant denies this Paragraph to the extent that any interest in Big Toe, Inc. would not an "asset."

31.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

32.

Defendant denies this paragraph, and reasserts her Seventh Affirmative Defense.

33.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant also reasserts her Seventh Affirmative Defense.

34.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

35.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

36.

Defendant reasserts her Seventh Affirmative Defense.  Defendant denies this paragraph.

37.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

38.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

39.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

40.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

41.

Defendant admits the allegations in this paragraph. By way of further answer, Defendant states that she does not own the jewelry she wore to the Meeting of Creditors.

42.

Defendant denies this paragraph.

43.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

44.

Defendant denies this paragraph.

45.

Defendant denies this paragraph.

46.

Defendant denies this paragraph.

8

47.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

48.

Defendant denies this paragraph.

49.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

50.

Defendant denies this paragraph.

51.

Defendant denies this paragraph.

52.

Defendant denies this paragraph.

53.

Defendant denies this paragraph.

54.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

55.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

56.

Defendant denies this paragraph.

57.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

58.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

59.

Defendant denies this paragraph.

60.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

61.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

62.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

63.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

64.

Defendant denies this paragraph.

65.

Defendant denies this paragraph.

66.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that a response is required, Defendant denies this paragraph.

67.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that a response is required, Defendant denies this paragraph.

68.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

69.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

70.

Defendant denies this paragraph.

71.

Defendant denies this paragraph.

72.

Defendant denies this paragraph.

73.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

74.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

75.

Defendant denies this paragraph.

76.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

77.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

78.

Defendant reasserts her Fifth Affirmative Defense.  Defendant denies this paragraph.

79.

Defendant denies this paragraph.

80.

Defendant reasserts her Fifth Affirmative Defense.  Defendant denies this paragraph.

81.

Defendant denies this paragraph.

82.

Defendant denies this paragraph.

83.

Defendant denies this paragraph.

84.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

All remaining allegations not specifically admitted herein are denied.


WHEREFORE, the Defendant prays that this Court enter an Order denying the relief sought by Plaintiff in its Complaint and dismissing this Adversary Proceedings, with prejudice, with associated costs to be incurred by Plaintiff, as to Plaintiff's claims against Defendant, and for such other and further relief as this Court deems equitable and just.

Respectfully submitted, this the 24th Day of July, 2017.

Respectfully submitted,

/s/ Jared L. Mitnick
Attorney for Plaintiff
Jared Mitnick
3180 North Point Parkway, Suite 103
Alpharetta, GA 30005
Phone: (770)408-7000
Fax: (770)408-7001

13

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| TOWANDA BRAXTON, | * | Case No. 19-55269-JWC |
| | * | Chapter 7 Voluntary |
| | * | CONTESTED MATTER |
| | * | |
| | * | |
| Debtors | * | ADVERSARY PROCEEDING NO: |
| | * | 19-05235-JWC |
| MICHAEL WAGONER, | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| TOWANDA BRAXTON; BIG TOE, INC., | * | |
| T. BRAXTON BEAUTY SUPPLY | * | |
| COMPANY LLC, AND | * | |
| DOE DEFENDANTS 1-3 | * | |
| | * | |
| Defendants | * | |

## DISTRIBUTION LIST

I **HEREBY CERTIFY** that I have served the foregoing by depositing the same in the

United States mail, first-class postage attached thereto to ensure proper delivery, on all parties as

follows:

Gregory O. Shenton
Shenton Law, PC.
127 Church St. #360
Marietta, GA 30060

United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive
Atlanta, GA 30303

William J. Layng, Jr., Trustee
2451 Cumberland Parkway

14

Suite 3477
Atlanta, GA 30339

Lisa F. Caplan
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Respectfully submitted this the 24th Day of July, 2019,

/s/ Jared L. Mitnick
Attorney for Plaintiff
Jared Mitnick
3180 North Point Parkway, Suite 103
Alpharetta, GA 30005
Phone: (770)408-7000
Fax: (770)408-7001

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| TOWANDA BRAXTON, | * | Case No. 19-55269-JWC |
| | * | Chapter 7 Voluntary |
| | * | CONTESTED MATTER |
| | * | |
| | * | |
| Debtors | * | ADVERSARY PROCEEDING NO: |
| | * | 19-05235-JWC |
| MICHAEL WAGONER, | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| TOWANDA BRAXTON; BIG TOE, INC., | * | |
| T. BRAXTON BEAUTY SUPPLY | * | |
| COMPANY LLC, AND | * | |
| DOE DEFENDANTS 1-3 | * | |
| | * | |
| Defendants | * | |

## CERTIFICATE OF SERVICE

I hereby affirm that I have served the foregoing by depositing the same in the United

States mail, first-class postage attached thereto to ensure proper delivery, on all counsel of record

as follows:

Gregory O. Shenton
Shenton Law, PC.
127 Church St. #360
Marietta, GA 30060

United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive
Atlanta, GA 30303

William J. Layng, Jr., Trustee
2451 Cumberland Parkway
Suite 3477

Atlanta, GA 30339

Lisa F. Caplan
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Respectfully submitted this the 24th Day of July, 2019,

/s/ Jared L. Mitnick
Attorney for Plaintiff
Jared Mitnick
3180 North Point Parkway, Suite 103
Alpharetta, GA 30005
Phone: (770)408-7000
Fax: (770)408-7001

17

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| TOWANDA BRAXTON, | * | Case No. 19-55269-JWC |
| | * | Chapter 7 Voluntary |
| | * | CONTESTED MATTER |
| | * | |
| | * | |
| Debtors | * | ADVERSARY PROCEEDING NO: |
| | * | 19-05235-JWC |
| MICHAEL WAGONER, | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| TOWANDA BRAXTON; BIG TOE, INC., | * | |
| T. BRAXTON BEAUTY SUPPLY | * | |
| COMPANY LLC, AND | * | |
| DOE DEFENDANTS 1-3 | * | |
| | * | |
| Defendants | * | |

## ANSWER AND AFFIRMATIVE DEFENSES  TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523 AND OBJECTION TO DISCHARGE UNDER 11 U.S.C. §727

NOW COMES Towanda Braxton (hereafter referred to herein as "Defendant") by counsel, and for his Answer and Affirmative Defenses to the Complaint filed by Michael Wagoner (hereafter referred to herein as "Plaintiff"), states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant, and so must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot carry his burden of proving all elements constituting his objections, pursuant to Federal Rule of Bankruptcy Procedure 4005, and so must be dismissed with prejudice.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the procedures set forth in the Federal Rules of Bankruptcy Procedure 4004(a), 4007(a), 7001, 7008, 7009, 7010, and so must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to timely file objections to the list of property claimed as exempt by Defendant in Schedules B and C of his Bankruptcy Petition pursuant to Federal Rule of Bankruptcy Procedure 4003(b). See Taylor v. Freeland & Kronz, 503 U.S. 638 (1992) holding that once the period for objecting to exemptions expires, creditors are precluded from objecting even if the claimed exemption is specious.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fraud is unverified, and so must be dismissed with prejudice.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations regarding Defendant's testimony during her Meeting of Creditors are objected to and must not be allowed to be part of the record as Plaintiff impermissibly made statements and questions that transcended the scope of inquiry, pursuant to 11 U.S.C. §343. In addition, Defendant shows that Plaintiff has failed to request a Rule 2004 examination.

2

## EIGTH AFFIRMTIVE DEFENSE AND ANSWER

Subject to and without waiving the foregoing defenses, Defendant answers Plaintiff's Complaint as follows:

1.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that this paragraph contains allegations of fact, Defendant denies this Paragraph and demands strict proof therefor.

2.

Defendant admits.

3.

Defendant admits.

4.

Defendant admits.

5.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

6.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

7.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

8.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

9.

Defendant admits.

10.

Defendant denies this Paragraph.

11.

Defendant admits.

12.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

13.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

14.

Defendant admits.

15.

Defendant admits that the Meeting of Creditors was concluded on May 21, 2019.  The remaining allegations in this paragraph are denied.

16.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

17.

Defendant reasserts her Seventh Affirmative Defense.

18.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

19.

Defendant admits that a debt of $35,000 owed to Tamar Braxton was scheduled in the Petition.   For the remaining allegations contained in this paragraph Defendant reasserts her Seventh Affirmative Defense.

20.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

21.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant reasserts her Seventh Affirmative Defense. Defendant denies this Paragraph.

22.

Defendant admits to purchasing the real property.   As to the remaining allegations in this paragraph Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant reasserts her Seventh Affirmative Defense.

5

23.

Defendant denies this paragraph.

24.

Defendant denies this paragraph.

25.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

26.

Defendant denies this Paragraph.

27.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

28.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

29.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

30.

Defendant denies this Paragraph to the extent that any interest in Big Toe, Inc. would not an "asset."

31.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

32.

Defendant denies this paragraph, and reasserts her Seventh Affirmative Defense.

33.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant also reasserts her Seventh Affirmative Defense.

34.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

35.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

36.

Defendant reasserts her Seventh Affirmative Defense.  Defendant denies this paragraph.

37.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

38.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

39.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

40.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

41.

Defendant admits the allegations in this paragraph. By way of further answer, Defendant states that she does not own the jewelry she wore to the Meeting of Creditors.

42.

Defendant denies this paragraph.

43.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

44.

Defendant denies this paragraph.

45.

Defendant denies this paragraph.

46.

Defendant denies this paragraph.

8

47.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

48.

Defendant denies this paragraph.

49.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

50.

Defendant denies this paragraph.

51.

Defendant denies this paragraph.

52.

Defendant denies this paragraph.

53.

Defendant denies this paragraph.

54.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

55.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

56.

Defendant denies this paragraph.

57.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that a response is required, Defendant denies this paragraph.

58.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that a response is required, Defendant denies this paragraph.

59.

Defendant denies this paragraph.

60.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

61.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

62.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

63.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that a response is required, Defendant denies this paragraph.

10

64.

Defendant denies this paragraph.

65.

Defendant denies this paragraph.

66.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that a response is required, Defendant denies this paragraph.

67.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that a response is required, Defendant denies this paragraph.

68.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

69.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

70.

Defendant denies this paragraph.

71.

Defendant denies this paragraph.

72.

Defendant denies this paragraph.

11

73.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that a response is required, Defendant denies this paragraph.

74.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that a response is required, Defendant denies this paragraph.

75.

Defendant denies this paragraph.

76.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that a response is required, Defendant denies this paragraph.

77.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that a response is required, Defendant denies this paragraph.

78.

Defendant reasserts her Fifth Affirmative Defense. Defendant denies this paragraph.

79.

Defendant denies this paragraph.

80.

Defendant reasserts her Fifth Affirmative Defense. Defendant denies this paragraph.

81.

Defendant denies this paragraph.

82.

Defendant denies this paragraph.

83.

Defendant denies this paragraph.

84.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

All remaining allegations not specifically admitted herein are denied.


WHEREFORE, the Defendant prays that this Court enter an Order denying the relief sought by Plaintiff in its Complaint and dismissing this Adversary Proceedings, with prejudice, with associated costs to be incurred by Plaintiff, as to Plaintiff's claims against Defendant, and for such other and further relief as this Court deems equitable and just.

Respectfully submitted, this the 24th Day of July, 2017.

Respectfully submitted,


/s/ Jared L. Mitnick
Attorney for Plaintiff
Jared Mitnick
3180 North Point Parkway, Suite 103
Alpharetta, GA 30005
Phone: (770)408-7000
Fax: (770)408-7001

13

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| TOWANDA BRAXTON, | * | Case No. 19-55269-JWC |
| | * | Chapter 7 Voluntary |
| | * | CONTESTED MATTER |
| | * | |
| | * | |
| Debtors | * | ADVERSARY PROCEEDING NO: |
| | * | 19-05235-JWC |
| MICHAEL WAGONER, | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| TOWANDA BRAXTON; BIG TOE, INC., | * | |
| T. BRAXTON BEAUTY SUPPLY | * | |
| COMPANY LLC, AND | * | |
| DOE DEFENDANTS 1-3 | * | |
| | * | |
| Defendants | * | |

## DISTRIBUTION LIST

I **HEREBY CERTIFY** that I have served the foregoing by depositing the same in the

United States mail, first-class postage attached thereto to ensure proper delivery, on all parties as

follows:

Gregory O. Shenton
Shenton Law, PC.
127 Church St. #360
Marietta, GA 30060

United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive
Atlanta, GA 30303

William J. Layng, Jr., Trustee
2451 Cumberland Parkway

14

Suite 3477
Atlanta, GA 30339

Lisa F. Caplan
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Respectfully submitted this the 24th Day of July, 2019,

/s/ Jared L. Mitnick
Attorney for Plaintiff
Jared Mitnick
3180 North Point Parkway, Suite 103
Alpharetta, GA 30005
Phone: (770)408-7000
Fax: (770)408-7001

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                              *
                                    *
TOWANDA BRAXTON,                    *        Case No. 19-55269-JWC
                                    *        Chapter 7 Voluntary
                                    *        CONTESTED MATTER
                                    *
                                    *
        Debtors                     *        ADVERSARY PROCEEDING NO:
                                    *        19-05235-JWC
MICHAEL WAGONER,                    *
                                    *
        Plaintiff                   *
v.                                  *
                                    *
TOWANDA BRAXTON; BIG TOE, INC.,     *
T. BRAXTON BEAUTY SUPPLY            *
COMPANY LLC, AND                    *
DOE DEFENDANTS 1-3                  *
                                    *
        Defendants                  *

## <u>CERTIFICATE OF SERVICE</u>

I hereby affirm that I have served the foregoing by depositing the same in the United

States mail, first-class postage attached thereto to ensure proper delivery, on all counsel of record

as follows:

Gregory O. Shenton
Shenton Law, PC.
127 Church St. #360
Marietta, GA 30060

United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive
Atlanta, GA 30303

William J. Layng, Jr., Trustee
2451 Cumberland Parkway
Suite 3477

16

Atlanta, GA 30339

Lisa F. Caplan
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Respectfully submitted this the 24th Day of July, 2019,

/s/ Jared L. Mitnick
Attorney for Plaintiff
Jared Mitnick
3180 North Point Parkway, Suite 103
Alpharetta, GA 30005
Phone: (770)408-7000
Fax: (770)408-7001

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| TOWANDA BRAXTON, | * | Case No. 19-55269-JWC |
| | * | Chapter 7 Voluntary |
| | * | CONTESTED MATTER |
| | * | |
| | * | |
| Debtors | * | ADVERSARY PROCEEDING NO: |
| | * | 19-05235-JWC |
| MICHAEL WAGONER, | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| TOWANDA BRAXTON; BIG TOE, INC., | * | |
| T. BRAXTON BEAUTY SUPPLY | * | |
| COMPANY LLC, AND | * | |
| DOE DEFENDANTS 1-3 | * | |
| | * | |
| Defendants | * | |

## ANSWER AND AFFIRMATIVE DEFENSES  TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523 AND OBJECTION TO DISCHARGE UNDER 11 U.S.C. §727

NOW COMES Towanda Braxton (hereafter referred to herein as "Defendant") by counsel, and for his Answer and Affirmative Defenses to the Complaint filed by Michael Wagoner (hereafter referred to herein as "Plaintiff"), states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant, and so must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot carry his burden of proving all elements constituting his objections, pursuant to Federal Rule of Bankruptcy Procedure 4005, and so must be dismissed with prejudice.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the procedures set forth in the Federal Rules of Bankruptcy Procedure 4004(a), 4007(a), 7001, 7008, 7009, 7010, and so must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to timely file objections to the list of property claimed as exempt by Defendant in Schedules B and C of his Bankruptcy Petition pursuant to Federal Rule of Bankruptcy Procedure 4003(b). See Taylor v. Freeland & Kronz, 503 U.S. 638 (1992) holding that once the period for objecting to exemptions expires, creditors are precluded from objecting even if the claimed exemption is specious.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fraud is unverified, and so must be dismissed with prejudice.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations regarding Defendant's testimony during her Meeting of Creditors are objected to and must not be allowed to be part of the record as Plaintiff impermissibly made statements and questions that transcended the scope of inquiry, pursuant to 11 U.S.C. §343. In addition, Defendant shows that Plaintiff has failed to request a Rule 2004 examination.

2

## EIGTH AFFIRMTIVE DEFENSE AND ANSWER

Subject to and without waiving the foregoing defenses, Defendant answers Plaintiff's Complaint as follows:

1.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that this paragraph contains allegations of fact, Defendant denies this Paragraph and demands strict proof therefor.

2.

Defendant admits.

3.

Defendant admits.

4.

Defendant admits.

5.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

6.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

7.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

8.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

9.

Defendant admits.

10.

Defendant denies this Paragraph.

11.

Defendant admits.

12.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

13.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

14.

Defendant admits.

15.

Defendant admits that the Meeting of Creditors was concluded on May 21, 2019.  The remaining allegations in this paragraph are denied.

16.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

17.

Defendant reasserts her Seventh Affirmative Defense.

18.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

19.

Defendant admits that a debt of $35,000 owed to Tamar Braxton was scheduled in the Petition.   For the remaining allegations contained in this paragraph Defendant reasserts her Seventh Affirmative Defense.

20.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

21.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant reasserts her Seventh Affirmative Defense. Defendant denies this Paragraph.

22.

Defendant admits to purchasing the real property.  As to the remaining allegations in this paragraph Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant reasserts her Seventh Affirmative Defense.

5

23.

Defendant denies this paragraph.

24.

Defendant denies this paragraph.

25.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

26.

Defendant denies this Paragraph.

27.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

28.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

29.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

30.

Defendant denies this Paragraph to the extent that any interest in Big Toe, Inc. would not an "asset."

31.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

32.

Defendant denies this paragraph, and reasserts her Seventh Affirmative Defense.

33.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant also reasserts her Seventh Affirmative Defense.

34.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

35.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

36.

Defendant reasserts her Seventh Affirmative Defense.  Defendant denies this paragraph.

37.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

38.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

39.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

40.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

41.

Defendant admits the allegations in this paragraph. By way of further answer, Defendant states that she does not own the jewelry she wore to the Meeting of Creditors.

42.

Defendant denies this paragraph.

43.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

44.

Defendant denies this paragraph.

45.

Defendant denies this paragraph.

46.

Defendant denies this paragraph.

8

47.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

48.

Defendant denies this paragraph.

49.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

50.

Defendant denies this paragraph.

51.

Defendant denies this paragraph.

52.

Defendant denies this paragraph.

53.

Defendant denies this paragraph.

54.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

55.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

9

56.

Defendant denies this paragraph.

57.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

58.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

59.

Defendant denies this paragraph.

60.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

61.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

62.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

63.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

64.

Defendant denies this paragraph.

65.

Defendant denies this paragraph.

66.

This paragraph appears to set forth a conclusion of law to which no affirmative response
is required. To the extent that a response is required, Defendant denies this paragraph.

67.

This paragraph appears to set forth a conclusion of law to which no affirmative response
is required. To the extent that a response is required, Defendant denies this paragraph.

68.

Defendant objects on the ground that the allegations contained in this Paragraph are
vague and compounded allegations. Defendant denies this Paragraph.

69.

Defendant objects on the ground that the allegations contained in this Paragraph are
vague and compounded allegations. Defendant denies this Paragraph.

70.

Defendant denies this paragraph.

71.

Defendant denies this paragraph.

72.

Defendant denies this paragraph.

73.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

74.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

75.

Defendant denies this paragraph.

76.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

77.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

78.

Defendant reasserts her Fifth Affirmative Defense.  Defendant denies this paragraph.

79.

Defendant denies this paragraph.

80.

Defendant reasserts her Fifth Affirmative Defense.  Defendant denies this paragraph.

81.

Defendant denies this paragraph.

82.

Defendant denies this paragraph.

83.

Defendant denies this paragraph.

84.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

All remaining allegations not specifically admitted herein are denied.


WHEREFORE, the Defendant prays that this Court enter an Order denying the relief sought by Plaintiff in its Complaint and dismissing this Adversary Proceedings, with prejudice, with associated costs to be incurred by Plaintiff, as to Plaintiff's claims against Defendant, and for such other and further relief as this Court deems equitable and just.

Respectfully submitted, this the 24th Day of July, 2017.

Respectfully submitted,


/s/ Jared L. Mitnick
Attorney for Plaintiff
Jared Mitnick
3180 North Point Parkway, Suite 103
Alpharetta, GA 30005
Phone: (770)408-7000
Fax: (770)408-7001

13

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| TOWANDA BRAXTON, | * | Case No. 19-55269-JWC |
| | * | Chapter 7 Voluntary |
| | * | CONTESTED MATTER |
| | * | |
| | * | |
| Debtors | * | ADVERSARY PROCEEDING NO: |
| | * | 19-05235-JWC |
| MICHAEL WAGONER, | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| TOWANDA BRAXTON; BIG TOE, INC., | * | |
| T. BRAXTON BEAUTY SUPPLY | * | |
| COMPANY LLC, AND | * | |
| DOE DEFENDANTS 1-3 | * | |
| | * | |
| Defendants | * | |

## <u>DISTRIBUTION LIST</u>

I **HEREBY CERTIFY** that I have served the foregoing by depositing the same in the

United States mail, first-class postage attached thereto to ensure proper delivery, on all parties as

follows:

Gregory O. Shenton
Shenton Law, PC.
127 Church St. #360
Marietta, GA 30060

United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive
Atlanta, GA 30303

William J. Layng, Jr., Trustee
2451 Cumberland Parkway

14

Suite 3477
Atlanta, GA 30339

Lisa F. Caplan
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Respectfully submitted this the 24th Day of July, 2019,

/s/ Jared L. Mitnick
Attorney for Plaintiff
Jared Mitnick
3180 North Point Parkway, Suite 103
Alpharetta, GA 30005
Phone: (770)408-7000
Fax: (770)408-7001

15

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| TOWANDA BRAXTON, | * | Case No. 19-55269-JWC |
| | * | Chapter 7 Voluntary |
| | * | CONTESTED MATTER |
| | * | |
| | * | |
| Debtors | * | ADVERSARY PROCEEDING NO: |
| | * | 19-05235-JWC |
| MICHAEL WAGONER, | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| TOWANDA BRAXTON; BIG TOE, INC., | * | |
| T. BRAXTON BEAUTY SUPPLY | * | |
| COMPANY LLC, AND | * | |
| DOE DEFENDANTS 1-3 | * | |
| | * | |
| Defendants | * | |

## CERTIFICATE OF SERVICE

I hereby affirm that I have served the foregoing by depositing the same in the United

States mail, first-class postage attached thereto to ensure proper delivery, on all counsel of record

as follows:

Gregory O. Shenton
Shenton Law, PC.
127 Church St. #360
Marietta, GA 30060

United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive
Atlanta, GA 30303

William J. Layng, Jr., Trustee
2451 Cumberland Parkway
Suite 3477

Atlanta, GA 30339

Lisa F. Caplan
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Respectfully submitted this the 24th Day of July, 2019,

/s/ Jared L. Mitnick
Attorney for Plaintiff
Jared Mitnick
3180 North Point Parkway, Suite 103
Alpharetta, GA 30005
Phone: (770)408-7000
Fax: (770)408-7001

17

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| TOWANDA BRAXTON, | * | Case No. 19-55269-JWC |
| | * | Chapter 7 Voluntary |
| | * | CONTESTED MATTER |
| | * | |
| | * | |
| Debtors | * | ADVERSARY PROCEEDING NO: |
| | * | 19-05235-JWC |
| MICHAEL WAGONER, | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| TOWANDA BRAXTON; BIG TOE, INC., | * | |
| T. BRAXTON BEAUTY SUPPLY | * | |
| COMPANY LLC, AND | * | |
| DOE DEFENDANTS 1-3 | * | |
| | * | |
| Defendants | * | |

## ANSWER AND AFFIRMATIVE DEFENSES  TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523 AND OBJECTION TO DISCHARGE UNDER 11 U.S.C. §727

NOW COMES Towanda Braxton (hereafter referred to herein as "Defendant") by counsel, and for his Answer and Affirmative Defenses to the Complaint filed by Michael Wagoner (hereafter referred to herein as "Plaintiff"), states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant, and so must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot carry his burden of proving all elements constituting his objections, pursuant to Federal Rule of Bankruptcy Procedure 4005, and so must be dismissed with prejudice.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the procedures set forth in the Federal Rules of Bankruptcy Procedure 4004(a), 4007(a), 7001, 7008, 7009, 7010, and so must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to timely file objections to the list of property claimed as exempt by Defendant in Schedules B and C of his Bankruptcy Petition pursuant to Federal Rule of Bankruptcy Procedure 4003(b). See Taylor v. Freeland & Kronz, 503 U.S. 638 (1992) holding that once the period for objecting to exemptions expires, creditors are precluded from objecting even if the claimed exemption is specious.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fraud is unverified, and so must be dismissed with prejudice.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations regarding Defendant's testimony during her Meeting of Creditors are objected to and must not be allowed to be part of the record as Plaintiff impermissibly made statements and questions that transcended the scope of inquiry, pursuant to 11 U.S.C. §343. In addition, Defendant shows that Plaintiff has failed to request a Rule 2004 examination.

2

## EIGTH AFFIRMTIVE DEFENSE AND ANSWER

Subject to and without waiving the foregoing defenses, Defendant answers Plaintiff's Complaint as follows:

1.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that this paragraph contains allegations of fact, Defendant denies this Paragraph and demands strict proof therefor.

2.

Defendant admits.

3.

Defendant admits.

4.

Defendant admits.

5.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

6.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

7.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

8.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

9.

Defendant admits.

10.

Defendant denies this Paragraph.

11.

Defendant admits.

12.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

13.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

14.

Defendant admits.

15.

Defendant admits that the Meeting of Creditors was concluded on May 21, 2019. The remaining allegations in this paragraph are denied.

16.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

17.

Defendant reasserts her Seventh Affirmative Defense.

18.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

19.

Defendant admits that a debt of $35,000 owed to Tamar Braxton was scheduled in the Petition.  For the remaining allegations contained in this paragraph Defendant reasserts her Seventh Affirmative Defense.

20.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

21.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant reasserts her Seventh Affirmative Defense. Defendant denies this Paragraph.

22.

Defendant admits to purchasing the real property.  As to the remaining allegations in this paragraph Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant reasserts her Seventh Affirmative Defense.

23.

Defendant denies this paragraph.

24.

Defendant denies this paragraph.

25.

Defendant objects on the ground that the allegations contained in this Paragraph are
vague and compounded allegations. Defendant denies this Paragraph.

26.

Defendant denies this Paragraph.

27.

Defendant objects on the ground that the allegations contained in this Paragraph are
vague and compounded allegations. Defendant denies this Paragraph.

28.

Defendant objects on the ground that the allegations contained in this Paragraph are
vague and compounded allegations. Defendant denies this Paragraph.

29.

Defendant objects on the ground that the allegations contained in this Paragraph are
vague and compounded allegations. Defendant denies this Paragraph.

30.

Defendant denies this Paragraph to the extent that any interest in Big Toe, Inc. would not
an "asset."

31.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

32.

Defendant denies this paragraph, and reasserts her Seventh Affirmative Defense.

33.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant also reasserts her Seventh Affirmative Defense.

34.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

35.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

36.

Defendant reasserts her Seventh Affirmative Defense.  Defendant denies this paragraph.

37.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

38.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

39.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

40.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

41.

Defendant admits the allegations in this paragraph. By way of further answer, Defendant states that she does not own the jewelry she wore to the Meeting of Creditors.

42.

Defendant denies this paragraph.

43.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

44.

Defendant denies this paragraph.

45.

Defendant denies this paragraph.

46.

Defendant denies this paragraph.

8

47.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph. Defendant reasserts her Seventh Affirmative Defense.

48.

Defendant denies this paragraph.

49.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

50.

Defendant denies this paragraph.

51.

Defendant denies this paragraph.

52.

Defendant denies this paragraph.

53.

Defendant denies this paragraph.

54.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

55.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

56.

Defendant denies this paragraph.

57.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

58.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

59.

Defendant denies this paragraph.

60.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

61.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

62.

Defendant objects on the ground that the allegations contained in this Paragraph are vague and compounded allegations. Defendant denies this Paragraph.

63.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

64.

Defendant denies this paragraph.

65.

Defendant denies this paragraph.

66.

This paragraph appears to set forth a conclusion of law to which no affirmative response
is required. To the extent that a response is required, Defendant denies this paragraph.

67.

This paragraph appears to set forth a conclusion of law to which no affirmative response
is required. To the extent that a response is required, Defendant denies this paragraph.

68.

Defendant objects on the ground that the allegations contained in this Paragraph are
vague and compounded allegations. Defendant denies this Paragraph.

69.

Defendant objects on the ground that the allegations contained in this Paragraph are
vague and compounded allegations. Defendant denies this Paragraph.

70.

Defendant denies this paragraph.

71.

Defendant denies this paragraph.

72.

Defendant denies this paragraph.

11

73.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

74.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

75.

Defendant denies this paragraph.

76.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

77.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Defendant denies this paragraph.

78.

Defendant reasserts her Fifth Affirmative Defense.  Defendant denies this paragraph.

79.

Defendant denies this paragraph.

80.

Defendant reasserts her Fifth Affirmative Defense.  Defendant denies this paragraph.

81.

Defendant denies this paragraph.

12

82.

Defendant denies this paragraph.

83.

Defendant denies this paragraph.

84.

This paragraph appears to set forth a conclusion of law to which no affirmative response is required. To the extent that a response is required, Defendant denies this paragraph.

All remaining allegations not specifically admitted herein are denied.


WHEREFORE, the Defendant prays that this Court enter an Order denying the relief sought by Plaintiff in its Complaint and dismissing this Adversary Proceedings, with prejudice, with associated costs to be incurred by Plaintiff, as to Plaintiff's claims against Defendant, and for such other and further relief as this Court deems equitable and just.

Respectfully submitted, this the 24th Day of July, 2017.

                                        Respectfully submitted,


                              /s/ Jared L. Mitnick
                              Attorney for Plaintiff
                              Jared Mitnick
                              3180 North Point Parkway, Suite 103
                              Alpharetta, GA 30005
                              Phone: (770)408-7000
                              Fax: (770)408-7001

13

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| TOWANDA BRAXTON, | * | Case No. 19-55269-JWC |
| | * | Chapter 7 Voluntary |
| | * | CONTESTED MATTER |
| | * | |
| | * | |
| Debtors | * | ADVERSARY PROCEEDING NO: |
| | * | 19-05235-JWC |
| MICHAEL WAGONER, | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| TOWANDA BRAXTON; BIG TOE, INC., | * | |
| T. BRAXTON BEAUTY SUPPLY | * | |
| COMPANY LLC, AND | * | |
| DOE DEFENDANTS 1-3 | * | |
| | * | |
| Defendants | * | |

## DISTRIBUTION LIST

I **HEREBY CERTIFY** that I have served the foregoing by depositing the same in the

United States mail, first-class postage attached thereto to ensure proper delivery, on all parties as

follows:

Gregory O. Shenton
Shenton Law, PC.
127 Church St. #360
Marietta, GA 30060

United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive
Atlanta, GA 30303

William J. Layng, Jr., Trustee
2451 Cumberland Parkway

14

Suite 3477
Atlanta, GA 30339

Lisa F. Caplan
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Respectfully submitted this the 24th Day of July, 2019,

/s/ Jared L. Mitnick
Attorney for Plaintiff
Jared Mitnick
3180 North Point Parkway, Suite 103
Alpharetta, GA 30005
Phone: (770)408-7000
Fax: (770)408-7001

15

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| TOWANDA BRAXTON, | * | Case No. 19-55269-JWC |
| | * | Chapter 7 Voluntary |
| | * | CONTESTED MATTER |
| | * | |
| | * | |
| Debtors | * | ADVERSARY PROCEEDING NO: |
| | * | 19-05235-JWC |
| MICHAEL WAGONER, | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| TOWANDA BRAXTON; BIG TOE, INC., | * | |
| T. BRAXTON BEAUTY SUPPLY | * | |
| COMPANY LLC, AND | * | |
| DOE DEFENDANTS 1-3 | * | |
| | * | |
| Defendants | * | |

## CERTIFICATE OF SERVICE

I hereby affirm that I have served the foregoing by depositing the same in the United

States mail, first-class postage attached thereto to ensure proper delivery, on all counsel of record

as follows:

Gregory O. Shenton
Shenton Law, PC.
127 Church St. #360
Marietta, GA 30060

United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive
Atlanta, GA 30303

William J. Layng, Jr., Trustee
2451 Cumberland Parkway
Suite 3477

Atlanta, GA 30339

Lisa F. Caplan
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Respectfully submitted this the 24th Day of July, 2019,

/s/ Jared L. Mitnick
Attorney for Plaintiff
Jared Mitnick
3180 North Point Parkway, Suite 103
Alpharetta, GA 30005
Phone: (770)408-7000
Fax: (770)408-7001

17